IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON, OHIO

| | |
|---|---|
| IN RE: | CASE NO. 10-51761 |
| | CHAPTER 13 |
| SHELLY ROBIN HANE, | BANKRUPTCY JUDGE MARILYN SHEA-STONUM |
| Debtor. | **<u>RESPONSE OF SUMMA BARBERTON HOSPITAL TO DEBTOR'S MOTION FOR AN ORDER FINDING SUMMA HEALTH SYSTEM IN CONTEMPT OF COURT AND FOR SANCTIONS</u>** |

Now comes Summa Barberton Hospital ("Summa Barberton"), improperly identified in Debtor's Motion for an Order Finding Summa Health System in Contempt of Court and for Sanctions ("Motion" at Doc. #24) as "Summa Health System," by and through counsel, and submits its Response thereto. In support hereof, Summa Barberton states as follows:

## I. <u>Background</u>

The Motion seeks a finding of contempt and sanctions against Summa Health System for an alleged knowing and willful violation of the automatic stay relating to invoices that were sent to the Debtor by Summa Barberton. Debtor filed a chapter 13 bankruptcy petition on April 15,

2010. Prior to filing the petition, Debtor received medical services from Summa Barberton and had setup a payment plan with the billing office at Summa Barberton to pay for such services.

When Debtor filed her petition, notice of her bankruptcy filing was mailed to "Summa Health System" at 525 East Market Street, Akron, Ohio, which is the address for Akron City Hospital ("Akron City"). Although Summa Barberton operates under the Summa Health System umbrella, Summa Barberton, Akron City and the other member hospitals do not have access to each other's patient lists and each maintains billing offices independent of each other *and* Summa Health System. Summa Barberton, and not Summa Health System or Akron City, is the creditor that should have been identified upon the Debtor's schedules and which should have been mailed notice of the bankruptcy filing. Akron City was therefore unable (i) to recognize Debtor as its patient, (ii) to identify Debtor as a Summa Barberton patient and (iii) to forward the notice of bankruptcy filing to Summa Barberton.

As a consequence of the lack of notice to Summa Barberton, a statement of account was sent to Debtor on May 20, 2010. See, Motion at Exhibit A. This statement included six different charges totaling $1,100.00. Notably, the statement of account plainly identifies Summa Barberton as the creditor upon the Debtor's account and provides two (2) telephone numbers for patients to call regarding billing issues, both of which connect callers directly to Summa Barberton's billing office. The statement also provides a remittance address to "Summa Barberton Hospital" consisting of a Columbus, Ohio post office box. In response to the May 20, 2010 statement, Debtor's attorney sent a letter, dated May 28, 2010, to the remittance address. See, Motion at Exhibit B. The letter was not received by Summa Barberton's billing office because the remittance address is a lockbox location that is used solely to receive payments.

1708393 v_02 \ 001210.0802

10-51761-mss    Doc 26    FILED 10/13/10    ENTERED 10/13/10 17:06:48    Page 2 of 7

Because Summa Barberton had not received notice of Debtor's bankruptcy filing, Summa Barberton mailed to Debtor a second Statement of Account, dated September 10, 2010 and marked "Final Notice." See, Motion at Exhibit C. This second statement concerned one (1) of the six (6) charges identified on the May 20th statement. In response, the Debtor contacted Summa Barberton on September 14, 2010 to inform it of her bankruptcy filing. See, Account History Notes' 9/14/10 entry, attached hereto as Exhibit 1. Summa Barberton requested that Debtor fax the notice of bankruptcy filing to evidence her Chapter 13 filing.

In response to the Debtor's September 14, 2010 telephone call, Summa Barberton promptly took steps to update her account to reflect her bankrupt status. Specifically, the Debtor's account was changed on September 15, 2010 to show "bad debt writeoff" on September 15, 2010 and, on September 17, 2010, the account was added to "Pre-Turnover population," which instructs the billing system to cease collection activity. See, Exhibit 1 at 9/15/10 and 9/17/10 entries. Despite these prompt responses, however, the Statements of Account (all of which concern the charges collectively identified upon the May 20, 2010 statement) were already in queue and could not be overridden. Those statements were mailed to the Debtor on September 16, 2010. See, Motion at Exhibit E. As noted above, the account status was updated to cease collection activity the very next day.

Although not mentioned in the Motion, it appears from the handwritten notes on the fax cover page that Debtor's counsel re-faxed his September 15, 2010 letter and notice to the correct, working Summa Barberton fax number (615-4080) on September 29, 2010, which is the same day the Motion was filed. Id. This is supported by the Debtor's Account History, which contains an entry referring to receipt of counsel's notice on September 30, 2010. See, Exhibit 1.

Although the issue complained of in the Motion had been fully rectified, the Debtor filed her Motion seeking an order finding Summa Barberton in contempt of court and awarding "exemplary damages . . . sufficient to dissuade Summa [Barberton] from future violation of the automatic stay and granting to the debtor her reasonable attorneys' fees for the prosecution of this matter." See, Motion at 2.

The foregoing facts show: (i) Summa Barberton did not receive any notice whatsoever of Debtor's bankruptcy filing prior to Debtor's September 14, 2010 telephone call because it was not properly identified by name or location as the proper creditor, (ii) that Summa Barberton promptly updated the Debtor's account to prevent further collection activity upon receipt of the Debtor's advisement of filing; and, (iii) that all collection activity was stopped almost two (2) weeks prior to the filing of the Debtor's Motion. Accordingly, Debtor's motion should be denied in its entirety.

## II. Law and Argument

"It is well established that a willful violation of the automatic stay, for purposes of §362[(k)], only occurs as the result of a deliberate and intentional act done with knowledge of the automatic stay or of the bankruptcy filing." In re Davis, 247 B.R. 690, 698 (Bankr. N.D. Ohio, 1999). Section 362(k) of the Bankruptcy Code provides "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney' fees, and, in appropriate circumstances, may recover punitive damages." Id.

A violation is willful "when a creditor knew of the stay and violated the stay by an intentional act." In re Grine, 2010 WL 3910144 at *2 (Bankr. N.D. Ohio, 2010) (quoting Sharon v. TranSouth Fin. Corp., 234 B.R. 676, 87 (6th Cir. B.A.P., 1999). In order to prevail on a claim under 11 U.S.C. § 362(k), a movant must establish by a preponderance of the evidence that a

stay violation occurred, that it was willfully committed and that the movant was injured. In re Grine, 2010 WL 3910144 at *2.

The Debtor's assertion that the issuance of the May 20, 2010 statement constitutes a violation of the automatic stay is without merit. Summa Barberton, the proper creditor, was not scheduled upon the Debtor's bankruptcy schedules and thus did not receive notice of her bankruptcy filing when it was mailed from this Court on April 26, 2010. The Debtor's contention that counsel's May 28, 2010 correspondence provided some additional notice to Summa Barberton is also unsupportable, as it was mailed to a lockbox remittance address specifically identified for receiving payments. Further, the Debtor's assertion that opposing counsel faxed written notice of the bankruptcy filing to Summa Barberton on September 15, 2010 is baseless because it was not faxed to a working number. In light of the handwritten notes on the fax cover page, it is clear that Debtor's counsel realized this error on September 29, 2010, at which point Summa Barberton had already ceased collection activity upon the Debtor's account.

To the extent that the mailing of the September 16, 2010 statements occurred after Summa Barberton received the Debtor's call advising of her bankruptcy filing, Summa Barberton took prompt and affirmative steps to update the account and could not have stopped the issuance of those statements. The September 17, 2010 entry on the Account History demonstrates that it was on that date, just one (1) day following issuance of those statements and three (3) days after receiving Debtor's telephone notice, that the system updated and the collection issue was alleviated.

The Debtor does not seek actual damages in this matter and the facts do not warrant an award of "exemplary damages to the debtor sufficient to dissuade Summa [Barberton] from

future violation of the automatic stay" as requested. Contrary to Debtor's assertions, Summa Barberton did not engage in a course of conduct or act in a manner deserving of punitive damages. Rather, and through no fault of its own, Summa Barberton received absolutely no notice of any kind of the bankruptcy filing until September 14, 2010 and, in response, promptly updated the Debtor's account but was simply unable to stop the September 16, 2010 statements that were queued in its automated system. The facts show that Summa Barberton reacted appropriately and that its system has been updated to prevent any further collection activity.

The Debtor's request for attorneys' fees should also be denied, as the facts demonstrate that litigation of this matter was unnecessary to prevent further violations. In fact, the Account History attached to this Response shows that the Debtors' account was updated to prevent any further collection efforts on September 17, 2010. An award of attorneys' fees must be proven with reasonable certainty and cannot be based upon mere speculation. See, In re Grine, 2010 WL 3910144 at *7. As the *Grine* court noted, "[i]f litigation is unnessary to afford a complete remedy to a debtor, then the fees for commencing and prosecuting an action will fail this standard." Id.

## III. Conclusion

Based upon the foregoing, Summa Barberton Hospital respectfully requests that this Court deny the Debtor's Motion in its entirety.

Respectfully submitted,

/s/ John J. Rutter
John J. Rutter – 0079186
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
E-mail: jrutter@ralaw.com
Telephone: 330.376.2700
Facsimile: 330.376.4577

ATTORNEY FOR SUMMA BARBERTON HOSPITAL

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically transmitted on October 13, 2010 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- Richard S. Ralston    chapter-13@w-legal.com, angelan@w-legal.com
- Keith Rucinski    efilings@ch13akron.com
- United States Trustee    (Registered address)@usdoj.gov
- Robert M Whittington    elkwhitt@neo.rr.com

/s/ John J. Rutter
John J. Rutter

1708393 v_02 \ 001210.0802